## AMERICAN ALLIANCE INS. CO. OF NEW YORK v. McCUMBER.

(Circuit Court of Appeals, Eighth Circuit. November 10, 1926.)

### No. 7176.

**1. Insurance ⟨⟩98—Issuance of policy by bank, as agent of insurer on application of its president, acting individually for property owner, held not to create dual agency.**

Where a bank, nominally through its cashier, was agent for an insurance company, the fact that its president, individually and not as an officer of the bank, acted for an owner of property in procuring a policy of insurance thereon from the cashier, did not create a dual agency, which avoided the policy.

**2. Insurance ⟨⟩328(5)—Unauthorized contract for sale of land by agent held not to have worked change of interest which avoided policy.**

A contract for sale of land, made by an agent of the owner, but without authority to sell, under which the purchaser went into possession and occupied the land for two years and then abandoned it, the owner having knowledge of the contract, but having never expressly ratified it, *held* not to have worked a change of interest, which avoided a policy of insurance issued to him under its terms.

In Error to the District Court of the United States for the District of North Dakota; William A. Cant, Judge.

Action by P. J. McCumber against the American Alliance Insurance Company of New York. Judgment for plaintiff, and defendant brings error. Affirmed.

B. F. Spalding and Conmy, Young & Burnett, all of Fargo, N. D., for plaintiff in error.

Francis Murphy, of Fargo, N. D., for defendant in error.

Before SANBORN, STONE, and KENYON, Circuit Judges.

STONE, Circuit Judge. This is a writ of error from a judgment favoring plaintiff in an action on a fire insurance policy covering a farm dwelling house.

Plaintiff in error presents here two contentions: Dual agency and a change of interest in the new property which avoided the policy.

### Dual Agency.

[1] This contention of dual agency is based upon the facts following: The First National Bank of Bowbells was, substantially, the agent of plaintiff in error although the nominal agency and the state license was in the name of the cashier of the bank. The president of the bank was A. C. Wiper. Wiper, in his individual capacity, represented defendant in error in the purchase of the farm and the procurance of this policy upon the farm house. The policy was issued by the cashier of the bank. The above facts are undisputed and it is claimed that there was a dual agency through the bank. We think there is no foundation in the fact for this legal conclusion. Conceding that the bank is to be regarded as the agent of plaintiff in error, yet, it did not exercise its powers through Wiper, but was compelled to exercise them through the cashier. Neither the bank nor Wiper, as an official of the bank, was an agent for defendant in error. The mere fact that Wiper, whose relation with defendant in error was entirely of an individual character, happened to be president of the bank, forms no legal connection between defendant in error and the bank. We think this point was properly ruled by the trial court.

### Change in Interest.

[2] The policy provided that it should be void "if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise." The facts in connection with this contention are as follows:

The state statutes require that agency for conveyance of real estate must be in writing. Wiper had neither written nor verbal authorization from defendant in error to dispose of this or other land. While Wiper had attended to sales of land for defendant in error, he had never been authorized to execute any such contracts but the method of doing business between him and defendant in error in this respect was for Wiper to submit the proposition to defendant in error (who usually was not in the same town) and, if defendant in error approved, Wiper was instructed as to the particular proposition. However, Wiper made a written contract with one Masters for the sale of the land and Masters went into possession under that contract several months before the fire and was in possession at the time of the fire and for two years thereafter. Defendant in error never saw this contract but he was informed of its existence prior to the fire. There was never any express ratification of the authority of Wiper to make this contract nor was there any express ratification of the contract itself. However, with knowledge that it had been made and knowledge that Masters had gone into possession thereunder, no objection was made thereto and he

continued in possession for more than two years. Masters failed to comply with any of the conditions of the contract or make any payments and finally left the land.

The above transactions and acts seem insufficient, under the state law, to pass any legal or equitable interest to Masters and he was never anything more than a tenant at will or by sufferance. Therefore, there was no change in interest or title. There was a change in actual physical possession but not a change of possession in a legal sense as contemplated by the policy. There was a mere change of occupants. As, under the policy, a change of occupants worked no forfeiture unless the insurance hazard was increased and as there is no attempt to show that such hazard was increased, the change in physical possession was not a violation of the policy. We think this ground must be ruled against plaintiff in error.

### Other Questions.

The plaintiff in error attacks the sufficiency of finding X as being a statement of a conclusion of law instead of a finding of fact. We think this criticism is not well founded.

It attacks finding III, which was to the effect that defendant in error was the owner and had an insurable interest in the property at the time of taking out the policy and up until the fire. The contention is that there was no properly admitted testimony in regard to such ownership because the muniment deeds of title in defendant in error were not introduced and that other evidence was secondary. The above statement of the rule of evidence is, of course, correct, but plaintiff in error itself drew from witnesses oral evidence which abundantly established this ownership, therefore, this error was harmless.

We think the judgment should be and it is affirmed.